[Tagged]



**ORDERED in the Southern District of Florida on July 19, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              Case No. 11-29249-EPK

HERBERT W. BIGGS,                                   Chapter 7

    Debtor.
_____/

### ORDER DENYING THE CADLE COMPANY'S FIFTH MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE

THIS CAUSE came before the Court upon the *Cadle Company's Fifth Motion for Extension of Time to Object to Discharge* [ECF No. 145] (the "Fifth Motion to Extend") filed by creditor The Cadle Company ("Cadle") on July 16, 2012. For the reasons set forth below, the Court will deny the Motion.

Over a year ago, on July 12, 2011, Herbert W. Biggs (the "Debtor") filed a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* On July 12, 2011, the Clerk of Court entered the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines* [ECF No. 2], which set the 11 U.S.C. § 341 meeting of creditors for August 15, 2011. Pursuant to Fed. R. Bankr. P. 4004(a), the original deadline to file a

complaint objecting to the Debtor's discharge (the "Objection Deadline") was October 14, 2011. Fed. R. Bankr. P. 4004(a) ("In a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set the meeting of creditors under § 341(a).").

> Fed. R. Bankr. P. 4004(b) provides:
>
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. <u>Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired</u>.
>
> (2) <u>A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted</u> if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b) (emphasis supplied).

On October 5, 2011, Cadle filed *The Cadle Company's Motion for Extension of Time to Object to Discharge* [ECF No. 29] (the "First Motion to Extend"), seeking an extension of the Objection Deadline through January 14, 2012. As cause, Cadle cited the need to conduct additional discovery. On October 17, 2011, upon the agreement of Cadle and the Debtor, the Court entered its *Order Granting the Cadle Company's Unopposed Motion for Extension of Time to Object to Discharge* [ECF No. 51], granting the First Motion to Extend.

On January 13, 2012, Cadle filed *The Cadle Company's Unopposed Second Motion for Extension of Time to Object to Discharge* [ECF No. 98] (the "Second Motion to Extend"), citing the need to conduct additional discovery and seeking an extension of the Objection Deadline through February 14, 2012. Cadle stated in the Second Motion to Extend that the requested relief was unopposed by the Debtor, and the Court subsequently granted the Second Motion to Extend. [ECF No. 102].

On February 9, 2012, Cadle filed *The Cadle Company's Third Motion for Extension of Time to Object to Discharge* [ECF No. 104] (the "Third Motion to Extend"), citing the need to conduct additional discovery and seeking an extension of the Objection Deadline through April 14, 2012.  Cadle stated in the Third Motion to Extend that the requested relief was unopposed by the Debtor, and the Court subsequently granted the Third Motion to Extend in its *Order Granting Motion for Extension of Time to Object to Discharge* [ECF No. 111].[1]

On April 5, 2012, Cadle filed *The Cadle Company's Fourth Motion for Extension of Time to Object to Discharge* [ECF No. 118] (the "Fourth Motion to Extend"), citing the need to conduct additional discovery and seeking an extension of the Objection Deadline through May 14, 2012.  On May 3, 2012, the Court held a hearing on the Fourth Motion to Extend, at which the parties came to an agreement as to an additional extension and agreed to submit a proposed order.  The Debtor's counsel subsequently uploaded, and the Court entered without alteration, the *Agreed Order on Motion to Extend Time to File Object to Discharge and Motion for Order of Enforcement of Subpoena* [ECF No. 132] (the "Agreed Order"), extending the Objection Deadline through July 14, 2012.

No complaint objecting to the Debtor's discharge, or motion to further extend the Objection Deadline, was filed at any time on or prior to July 14, 2012.  Accordingly, and pursuant to Fed. R. Bankr. P. 4004(c), the Court entered its *Discharge of Debtor(s)* [ECF No. 144] (the "Discharge Order") on July 16, 2012.  The Discharge Order was entered on the docket at 10:19 a.m. and granted the Debtor a discharge under 11 U.S.C. § 727.

---

[1] The *Order Granting Motion for Extension of Time to Object to Discharge* [ECF No. 111] was entered on February 17, 2012.  On February 21, 2012, the Debtor filed his *Notice of Objection to Creditor's Motion for Extension of Time* [ECF No. 115] (the "Objection").  The Objection was dated February 17, 2012, but was not received by the Court until February 21, 2012.  In the Objection, the Debtor sought denial of the (already granted) Third Motion to Extend.  The Court did not vacate or amend the *Order Granting Motion for Extension of Time to Object to Discharge.*

At 3:44 p.m. on July 16, 2012, Cadle filed the instant Fifth Motion to Extend, citing yet again the need to conduct additional discovery and seeking yet another extension of the Objection Deadline through August 14, 2012. In the Fifth Motion to Extend, Cadle states, not surprisingly, that the Debtor objects to the requested extension of the Objection Deadline. Cadle asserts that the Fifth Motion to Extend is timely because Cadle's "last date to file an action objecting to discharge action is July 14, 2012. This motion is timely being filed on July 16, 2012, as July 14, 2012, was a Saturday and the next business day for filing is Monday, July 16, 2012." [ECF No. 145].

Fed. R. Bankr. P. 9006(a) states, in pertinent part:

*Computing Time.* The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* <u>When the period is stated in days or a longer unit of time</u>:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) <u>include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.</u>

(2) *Period Stated in Hours.* <u>When the period is stated in hours</u>:

(A) begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and

(C) <u>if the period would end on a Saturday, Sunday, or legal holiday, then continue the period until the same time on the next day that is not a Saturday, Sunday, or legal holiday.</u>

Fed. R. Bankr. P. 9006(a) (emphasis supplied).

Prior to its amendment in 2009,[2] some courts held that Bankruptcy Rule 9006(a) applied to a deadline stated as a date certain as well as to a deadline stated as a particular number of months, days or hours before or after another date or action. Thus, if a deadline was stated as a date certain and it fell on a Saturday, Sunday or legal holiday, the deadline was extended to the next business day. *See In re Dragash*, 164 B.R. 676, 677-78 (Bankr. M.D. Fla. 1993) (citing *Matter of American Healthcare Management, Inc.*, 900 F.2d 827 (5th Cir. 1990). However, after the 2009 amendment, Rule 9006(a) explicitly limits the extension of deadlines that fall on non-business days to those in which the deadline is determined by a period stated in days or hours. Fed. R. Bankr. P. 9006(a). Rule 9006(a) was

> amended to simplify and clarify the provisions that describe how deadlines are computed . . . [t]he time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus . . . reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990).

Fed R. Bankr. P. 9006 Advisory Committee Note – 2009 Amendment.

It is now clear that when an order extends the deadline to file a complaint objecting to discharge to a date certain, such deadline is "a fixed point in time" after which the filing of such a complaint would be untimely, regardless of whether such deadline falls on a non-business day. *Dillworth v. Vieweg (In re Vieweg)*, 2011 WL 5593184, at *2 (Bankr. S.D. Fla. October 26, 2011). Therefore, the deadline for Cadle to file a complaint objecting to the Debtor's discharge was July 14, 2012, in spite of the fact that such date fell on a Saturday.

---

[2] Fed. R. Bankr. P. 9006(a) previously stated, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . .

*Matter of American Healthcare Management, Inc.*, 900 F. 2d 827, 831 (5th Cir. 1990).

The Fifth Motion to Extend was not filed prior to the expiration of the Objection Deadline, and so the Fifth Motion does not satisfy Fed. R. Bankr. P. 4004(b)(1). Moreover, because the Fifth Motion was filed after entry of the Discharge Order, it does not satisfy Fed. R. Bankr. P. 4004(b)(2).

Even if the Fifth Motion to Extend had been filed prior to the expiration of the Objection Deadline, Cadle does not assert sufficient cause to extend the Objection Deadline yet again. The original Objection Deadline was October 14, 2011. The Objection Deadline has been extended 274 days by prior orders of this Court. In its Fourth Motion to Extend, Cadle sought an extension through May 14, 2012. [ECF No. 118]. The Fourth Motion to Extend was not initially agreed to by the Debtor, but the parties reached agreement at the May 3, 2012 hearing and subsequently submitted a proposed order extending the Objection Deadline two months longer than Cadle had sought in its Fourth Motion to Extend. The order granting the Fourth Motion to Extend specifically stated July 14, 2012 as the deadline, a date apparently agreed to by Cadle. Cadle has had ample time to conduct discovery in this matter and has not alleged sufficient cause to further extend the Objection Deadline.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [ECF No. 145] is DENIED.

###

Copies furnished to:

J. T. Haley, Esq.

*J. T. Haley, Esq. is hereby directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*